UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TYRELL M. LAWHORN,

                              Plaintiff,

v.

                              Case # 16-CV-6226-FPG

                              DECISION AND ORDER

P.O. SAMUEL ALGARIN, et al.,

                              Defendants.

## INTRODUCTION

Plaintiff Tyrell M. Lawhorn brings this action against Rochester Police Department ("RPD") Officers Samuel Algarin, Alexis Bermudez, Andrew Bostick, Rick Doran, Joel Hasper, Samuel Giancursio, Cody Goodfriend, Thomas Lisle, Daniel Marsh, Spenser McAvoy, Richard Rodriguez, Michael Sippel, and RPD Sergeant Matthew Webster in their individual capacities. ECF No. 3 at 2-3.

Plaintiff filed his Amended Complaint on April 11, 2016, which sets forth the following causes of action: (1) stop without probable cause under 42 U.S.C. § 1983; (2) unreasonable seizure (on Avenue A) under Section 1983; (3) unlawful arrest (on Avenue A) under New York law; (4) unreasonable seizure (on Remington Street) under Section 1983; (5) unlawful arrest (on Remington Street) under New York law; (6) excessive force under Section 1983; (7) excessive bail and unlawful detention under Section 1983 and New York law. *Id*. at 1, 8-14.

On May 2, 2017, Defendants moved to dismiss all causes of action pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. *See* ECF No. 11. On June 1, 2017, Plaintiff responded in opposition to Defendants' Motion and consented to the dismissal of his third, fourth, and fifth causes of action. ECF No. 14 at 5.

Accordingly, those claims are hereby DISMISSED and the Court will analyze only Plaintiff's first, second, sixth, and seventh causes of action below. For the reasons that follow, Defendants' Motion (ECF No. 11) is GRANTED IN PART and DENIED IN PART.

## BACKGROUND[1]

On January 29, 2015, Plaintiff, a 21-year-old African American male, borrowed his mother's rental car and drove to his cousin's house on Avenue A in the City of Rochester, New York, to arrange for his cousin to bake a cake for his mother's birthday. ECF No. 3 at ¶ 19, 21. Upon arriving, Plaintiff parked the car down the street from his cousin's house on Avenue A. *Id*. at ¶ 24.

### I. Incident on Avenue A

After Plaintiff parked, a marked police car pulled up behind the rental car. *Id*. at ¶ 26. A uniformed officer, "who, on information and belief was Defendant Sippel," approached the driver's side window and requested Plaintiff's license and registration. *Id*. at ¶ 32. Plaintiff was not subject to an outstanding arrest warrant when Sippel pulled up behind him on Avenue A. *Id*. at ¶ 28. Plaintiff gave Sippel his license and the vehicle registration and informed Sippel that the vehicle was his mother's rental car. *Id*. at ¶¶ 33-34.

Sippel instructed Plaintiff to get out of the car. *Id*. at ¶ 35. When Plaintiff asked why he was being told to exit the vehicle, Sippel did not respond and instead repeated his request that Plaintiff get out of the car. *Id*. at ¶¶ 36-37. Plaintiff, fearing injury, did not exit the car and asked Sippel to "call for a supervisor." *Id*. at ¶ 38. Sippel did not call a supervisor and called for backup instead. *Id*. at ¶ 39. Another uniformed officer, "who, on information and belief was Defendant Bermudez," responded to the scene. *Id*. at ¶ 40. Once he arrived, Bermudez began hitting the front

---

[1] The following allegations are taken from Plaintiff's Amended Complaint (ECF No. 3) and are accepted as true for the purpose of evaluating Defendants' Motion to Dismiss.

passenger window, roof, and body of the car with his baton, while Sippel continued to direct Plaintiff to exit the vehicle. *Id.* at ¶ 41-42.

Plaintiff remained in the car and called his mother seeking guidance on what to do. *Id.* at ¶ 43. Plaintiff's mother asked to speak with the officers, so Plaintiff rolled down the driver's side window to permit her to do so. *Id.* at ¶¶ 44-45. As Plaintiff rolled the window down, Sippel "pointed a Taser or other stun gun at Plaintiff's face." *Id.* at ¶ 46. In response, "Plaintiff panicked, rolled up the window, and drove away" to "get to a location where he would be near family members." *Id.* at ¶¶ 47-48.

## II. Incident on Remington Street

Plaintiff drove, within the speed limit, approximately five blocks until he arrived at his grandmother's house at 32 Remington Street. *Id.* at ¶ 49. Several marked police cars were in pursuit when Plaintiff pulled into the driveway and stopped the car. *Id.* at ¶¶ 51-52. RPD officers "including, on information and belief," Defendants Doran, Hasper, Algarin, Bostick, Giancursio, Goodfriend, Lisle, Marsh, McAvoy, and Rodriguez, and RPD sergeant Webster surrounded the car and yelled at Plaintiff to exit the vehicle. *Id.* at ¶ 53. Despite these instructions, Plaintiff remained in the car because he feared for his life. *Id.* at ¶ 54. The Defendant Officers attempted to open the car using the driver's side door handle but broke the door handle off because the door was locked. *Id.* at ¶¶ 55-57. Unable to use the car door, the Defendant Officers began pounding on the car's windows. *Id.* at ¶ 58. They broke the driver's side window and pulled Plaintiff from the car. *Id.* at ¶ 59.

After being pulled from the car, Plaintiff "curled into a fetal position, and attempted to protect his face and organs." *Id.* at ¶ 60. Plaintiff did not resist Defendants, but they nonetheless punched him on the face, head, ears, and back. *Id.* at ¶ 62. Plaintiff did not fight back in response

to these punches—he merely "protect[ed] his face and organs from the Defendants' blows." *Id*. at ¶ 63. The Defendant Officers "administered several taser bursts to the Plaintiff's lower body and legs" causing Plaintiff great pain. *Id*. at ¶¶ 64-65. Defendants removed Plaintiff from the scene and took him in a police car to Rochester General Hospital. *Id*. at ¶ 66. The examining doctor determined Plaintiff was "fine" and Plaintiff was taken into custody. *Id*. at ¶¶ 68-70.

### III. Charges, Arraignment, and Detention

Defendant Sippel prepared a Felony Complaint and an Investigative Action Report, accusing Plaintiff of reckless endangerment and resisting arrest. *Id*. at ¶ 71. Sippel attested that "Plaintiff had intentionally attempted to strike and kill Defendant Bermudez with the Plaintiff's motor vehicle on Avenue A . . . ." *Id*. at ¶ 71. However, Plaintiff alleges that the "attestations in those documents were false and known by [Sippel] to be false." *Id*. at ¶ 72. Plaintiff was charged with reckless endangerment in the first degree, obstruction of governmental administration in the second degree, resisting arrest, reckless driving, unsafe turn/failure to give appropriate signal, illegal signal less than 100 feet from turn, and failure to stop at a stop sign. *Id*. at ¶ 78.

Plaintiff was later arraigned on those charges and, despite having no history of failure to appear for court appearances and "not present[ing] a flight risk," was held pending the posting of a $25,000 bond. *Id*. at ¶¶ 79-82. Plaintiff was incarcerated for five days before he was released on bond. *Id*. at ¶ 83. Plaintiff was charged via Grand Jury indictment with reckless endangerment in the first degree, reckless driving, and resisting arrest. *Id.* at ¶ 85. Plaintiff later pled guilty to reckless endangerment in the second degree and resisting arrest (both Class A misdemeanors). *Id*. at ¶ 86. He was sentenced to three years' probation. *Id*.

## LEGAL STANDARD

Rule 12(b)(6) provides that a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In reviewing a Rule 12(b)(6) motion to dismiss, a court "must accept as true all of the factual allegations contained in the complaint," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007), and "draw all reasonable inferences in Plaintiff's favor." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The application of this standard is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

When deciding a Rule 12(b)(6) motion, a court ordinarily may not rely on matters outside the complaint unless it treats the motion as one for summary judgment under Rule 56 and gives the parties a reasonable opportunity to present relevant evidence. Fed. R. Civ. P. 12(d). Here, Defendants attached the following extrinsic documents to their Motion: Plaintiff's Certificate of Conviction (ECF No. 10-1 at 17) the Felony Complaint brought against Plaintiff in state court (ECF No. 10-1 at 19), and an RPD Investigative Action Report dated January 29, 2015 (ECF No. 10-1 at 21). Defendants assert that (1) Plaintiff relied on these documents in drafting the Amended Complaint; and (2) that Plaintiff explicitly referenced the Felony Complaint and Investigative Action Report in paragraph 71 of the Amended Complaint. ECF No. 11 at 2. The Court must address whether it may consider these documents in reviewing Defendants' Motion.

In reviewing a Rule 12(b)(6) motion, "extrinsic documents may be considered as part of the pleadings if they are (1) attached to the complaint; (2) incorporated into the complaint by reference; or (3) integral to the complaint." *DeLuca v. AccessIT Group, Inc.*, 695 F. Supp. 2d 54, 60 (S.D.N.Y. 2010). Here, Defendants submitted the extrinsic documents with their Motion; they were not attached to the Amended Complaint. *See Deluca*, 695 F. Supp. 2d at 60 ("Whether a document is attached to a complaint is self evident.") (citing *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991)).

The Court may deem documents incorporated by reference where the complaint makes "a clear, definite and substantial reference to the documents." *Id*. (citations omitted). Thus, "[m]ere discussion or short quotation of a document does not amount to incorporation by reference." *Lightner v. Wenderlich*, 271 F. Supp. 3d 445, 453 (W.D.N.Y. 2017) (citation omitted) (internal quotation marks omitted). Here, the Amended Complaint explicitly references the Felony Complaint and RPD Investigative Action Report, but it does not quote from these documents and includes only a limited discussion of their content. *See* ECF No. 3 at ¶¶ 71, 78, 118. With respect to the Certificate of Conviction, the Amended Complaint includes a limited discussion of some of the facts in the document, but does not explicitly reference or quote from the document. *See id.* at ¶¶ 85-86. These limited references to the extrinsic documents fail to establish that the Amended Complaint incorporated the documents by reference. *See Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016) ("Merely mentioning a document in the complaint will not satisfy this standard[.]") (citations omitted); *Cosmas v. Hassett*, 886 F.2d 8, 13 (2d Cir. 1989) (concluding that extrinsic documents were not incorporated by reference where "[t]he amended complaint merely discussed these documents and presented short quotations from them"). Thus, the Court will not consider the extrinsic documents on this basis.

Another ground for considering extrinsic documents when deciding a Rule 12(b)(6) motion is whether those documents are "integral to the complaint." "A document is integral to the complaint where the complaint relies heavily upon its terms and effect." *Lightner*, 271 F. Supp. 3d at 453 (internal quotation marks omitted) (citing *Yung v. Lee*, 432 F.3d 142, 146 (2d Cir. 2005)). Nonetheless, even where a document is deemed "integral," "a court still may not consider it on a motion to dismiss if there is a dispute regarding the authenticity or accuracy of the document[.]" *Deluca*, 695 F. Supp. 2d at 60 (internal quotation marks omitted) (citing *Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006)); *see also Lightner*, 271 F. Supp. 3d at 453 (citing *DiFolco v. MSNBC Cable L.L.C.* 622 F.3d 104, 111 (2d Cir. 2010)).

Here, though the Amended Complaint cites facts that can be found in the RPD Investigative Action Report, Felony Complaint, and Conviction Certificate (*See* ECF No. 3 at ¶¶ 71, 78, 85-86, 118), it cannot be said that the Amended Complaint "relies heavily upon [the documents'] terms and effect[,]" and thus these documents are not "integral." *See Lightner*, 271 F. Supp. 3d at 453 (internal quotation marks omitted) (citation omitted). In fact, even if the Court were to find these documents integral to the Amended Complaint, consideration of the RPD Investigative Action Report and Felony Complaint would be inappropriate for a separate reason. Plaintiff asserts in the Amended Complaint that Defendant Sippel's attestations in the RPD Investigative Action Report and Felony Complaint were "false and known by him to be false" and were "calculated to subject the Plaintiff to incarceration and the posting of a bond . . . ." ECF No. 3 at ¶¶ 72, 118-19. Thus, it cannot be said that "no dispute exists regarding the . . . accuracy of these documents." *See id*.

Though Plaintiff does not contest[2] Defendants' assertions that the Court should consider the RPD Investigative Action Report, Felony Complaint, and Conviction Certificate in ruling on

---

[2] In fact, Plaintiff cites these documents in his Opposition to Defendants' Motion. *See* ECF No. 14 at 3-4.

the instant Motion, the Court will not consider these extrinsic documents based on all the reasons stated above.

## DISCUSSION

### I. Whether *Heck v. Humphrey* bars Plaintiff's Claims for Unreasonable Seizure, False Arrest, and Unlawful Detention

Defendants argue that the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), bars Plaintiff's claims for unreasonable seizure, false arrest, and unlawful detention because "[s]uccess on these claims would require plaintiff to demonstrate that he did not commit any of the crimes of conviction—necessarily undermining the validity of that conviction." ECF No. 11 at 7. This argument applies to Plaintiff's first, second, and seventh causes of action. Plaintiff maintains that *Heck* does not bar these causes of action because "the facts underlying Plaintiff's § 1983 claims are sufficiently distinct from the events that led to his criminal prosecution and plea that his success on the claims herein will not invalidate his sentence or conviction." ECF No. 14 at 8.

Under *Heck*, plaintiffs cannot use Section 1983 claims to collaterally attack a prior conviction or sentence. *Heck*, 512 U.S. at 486.

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Webster v. Himmelbach*, 271 F. Supp. 3d 458, 464-65 (W.D.N.Y. 2017) (quoting *Heck*, 512 U.S. at 487) (alterations and omissions in original).

In this case, Plaintiff was convicted by guilty plea of (1) reckless endangerment in the second degree; and (2) resisting arrest—both Class A misdemeanors under New York law. ECF No. 1 at 8. Under New York Penal Law § 120.20, "a person is guilty of reckless endangerment in the second degree when he or she recklessly engages in conduct which creates a substantial risk of serious physical injury to another person" (*In re Stanley F.*, 908 N.Y.S. 2d 127, 129 (2d Dep't 2010)); and pursuant to New York Penal Law § 205.30, "[a] person is guilty of resisting arrest when he or she intentionally prevents or attempts to prevent a police officer from effectuating an authorized arrest of himself or herself or another person[.]" (*People v. Andrews*, 64 N.Y.S. 3d 282, 284 (2d Dep't 2017)). At issue, is whether success on Plaintiff's claims for unreasonable seizure, false arrest, and unlawful detention would demonstrate that he did not commit these crimes—thus, compromising the validity of his convictions. The Court turns first to Plaintiff's first and second causes of action that arise under the Fourth Amendment.

### A. Plaintiff's First and Second Causes of Action

To establish a cause of action under Section 1983 pursuant to the Fourth Amendment, the plaintiff must show the following: "(1) the defendant intentionally confined the plaintiff; (2) the plaintiff was aware of the confinement; (3) the plaintiff did not consent to the confinement; and (4) the confinement was not otherwise privileged." *Dzwoncyzk v. Syracuse City Police Dep't*, 710 F. Supp. 2d 248, 264 (N.D.N.Y. 2008) (citations omitted). Here, Plaintiff's first cause of action alleges that Defendant Sippel initially "stopped and detained" Plaintiff "without just or probable cause" while "Plaintiff was sitting in a parked car." ECF No. 1 at 3. Plaintiff's second cause of action asserts that "[t]he actions of Defendants Sippel and Bermudez on Avenue A in the City of

9

Rochester" during the stop "constituted an unreasonable seizure of the Plaintiff" in violation of Plaintiff's Fourth Amendment rights. Both of these causes of action arise under the Fourth Amendment and relate to the stop and seizure of Plaintiff on Avenue A. Success on these allegations would not unnecessarily undermine Plaintiff's convictions.

Assuming that the allegations in Plaintiff's Amended Complaint are true, it is plausible that Plaintiff's conduct that resulted in his convictions for reckless endangerment and resisting arrest occurred after the alleged stop without probable cause on Avenue A and after the alleged unreasonable seizure on Avenue A. *See Dockery v. Tucker*, 73 F. Supp. 2d 224, 234 (E.D.N.Y. 1998) ("[T]he *Heck* court singled out Fourth Amendment cases as examples of suits where a federal court's finding of a constitutional violation would not necessarily imply that the prior conviction was unlawful.") (citing *Heck*, 512 U.S. at 487 n.7). Since the remedy for Fourth Amendment claims for unreasonable seizure "is limited to suppression of the evidence seized as a result of the violation," and does not include "dismissal of the indictment," a finding that Defendants Sippel and Bermudez are liable for Fourth Amendment violations on Avenue A would not necessarily undermine Plaintiff's convictions. *Id.* at 235. Therefore Defendants' Motion to Dismiss Plaintiff's first and second causes of action as barred by *Heck* is DENIED.

### B. Plaintiff's Seventh Cause of Action

Plaintiff's seventh cause of action includes claims for excessive bail and unlawful detention. ECF No. 3 at 13. Defendants move to dismiss Plaintiff's unlawful detention claim as barred by *Heck*, however it is unclear whether they also move to dismiss the excessive bail claim on the same grounds. Nonetheless, "where *Heck v. Humphrey* applies, the Court may dismiss the action *sua sponte*." *Shapard v. Attea*, 08-CV-6146 CJS, 2016 WL 5871360, at *4 (W.D.N.Y. Oct. 7, 2016).

Plaintiff's seventh cause of action alleges that Defendant Sippel "falsely attest[ed] that the Plaintiff had intentionally attempted to hit and kill" Defendant Bermudez with the car, and that such statement was intentional and "calculated to subject the Plaintiff to incarceration and the posting of a bond." ECF No. 3 at 13. Furthermore, Plaintiff alleges that Defendant Sippel "baselessly charg[ed] the Plaintiff with a felony" and "knowingly and intentionally provided false information to the Court" that resulted in Plaintiff's incarceration and the posting of excessive bail in violation of the Eight Amendment and New York Law. *Id.* Based on these allegations, success on this cause of action would necessarily undermine the validity of Plaintiff's convictions. *See Channer v. Mitchell*, 43 F.3d 786, 787 (2d Cir. 1994) (affirming district court's finding that although plaintiff's allegations that defendant police officers "committed numerous acts of perjury and coerced witnesses to wrongfully identify him" were couched as a Section 1983 cause of action, "the essence of his claim was an attack on the validity of his conviction"); *see also Walker v. Youman*, No. 02-CV-05957(NGG)(LB), 2006 WL 525921, at *5 (E.D.N.Y. Mar. 3, 2006) ("For this court to find that [the defendant] produced the cocaine and a digital scale that were the basis for the convictions and falsely claimed that Plaintiff possessed them upon arrest would necessarily require the invalidation of Plaintiff's convictions."). Therefore, Defendants' Motion to Dismiss Plaintiff's seventh cause of action is GRANTED and that claim is DISMISSED without prejudice.[3]

## II. Whether Plaintiff's Conviction Establishes Probable Cause for his Arrest as a Matter of Law

Defendants argue that "all claims for unreasonable seizure, false arrest, and unlawful detention should be dismissed" because Plaintiff's "conviction establishes probable cause for his

---

[3] Plaintiff's seventh cause of action is dismissed without prejudice under *Heck. See Amaker v. Weiner*, 179 F.3d 48, 52 (2d Cir. 1999) (finding that dismissal under *Heck* "warrants only dismissal without prejudice, because the suit may be reinstituted should [the] plaintiff's conviction be 'expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus'") (quoting *Heck*, 512 U.S. at 487).

arrest as a matter of law." ECF No. 3 at 7. Plaintiff's first and second causes of action are the only remaining viable causes of action that include claims for unreasonable seizure, false arrest, or unlawful detention. As stated above, to prevail on a false arrest claim under Section 1983, Plaintiff must prove the following: "(1) the defendant intended to confine him, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not contest the confinement, (4) the confinement was not otherwise privileged." *Ostroski v. Town of Southold*, 443 F. Supp. 2d 325, 334 (E.D.N.Y. 2006) (quoting *Broughton v. State*, 37 N.Y.2d 451, 456 (1975)). "A § 1983 claim of false arrest based on the Fourth Amendment right to be free from unreasonable seizures may not be maintained if there was probable cause for the arrest." *Fulton v. Robinson*, 289 F.3d 188, 195 (2d Cir. 2002). Thus, a plaintiff may not recover under any circumstances if he is "convicted of the offense for which he was arrested." *Cameron v. Fogarty*, 806 F.2d 380, 387 (2d Cir.1986); *see also Ostroski*, 443 F. Supp. 2d at 335 ("Probable cause existed in the instant case to support plaintiff's arrest and detention because she was eventually convicted of several of the crimes for which she was arrested.").

Plaintiff's Amended Complaint alleges two separate incidents involving the Defendant Officers: an initial stop and seizure on Avenue A, and a subsequent stop and seizure on Remington Street after Plaintiff fled in his vehicle from Avenue A. *See* ECF No. 3 at 3-6. Plaintiff's first and second causes of action challenge the constitutional validity of the Defendant Officers' actions on Avenue A during the initial stop and seizure of Plaintiff and the rental car. *See id.* at 8-9. Based on the facts alleged in the Amended Complaint, Plaintiff was not arrested until the later encounter with the Defendant Officers on Remington Street. Therefore, although probable cause for Plaintiff's *arrest* on Remington Street is established based on the fact that he was ultimately convicted, the same cannot be said for the *initial stop and seizure* on Avenue A.

Plaintiff and Defendants disagree over the basis for the initial stop and seizure on Avenue A. Plaintiff asserts that he had not broken any laws, that there was no reasonable suspicion of criminal activity to warrant such a stop, and that the stop was not justified by either an arrest warrant or exigent circumstances. ECF No. 3 at ¶¶ 27-31. On the other hand, Defendants contend that Plaintiff was stopped because he attempted to leave the curb without using his turn signal and was not wearing a seatbelt. ECF No. 11 at 3. Though the Court must accept the allegations in Plaintiff's Amended Complaint as true, it is clear that, regardless of which set of facts were to govern, the stop and seizure of Plaintiff on Avenue A were not predicated on the offenses for which Plaintiff was convicted—reckless endangerment and resisting arrest. Therefore, Plaintiff's conviction for reckless endangerment and resisting arrest does not establish probable cause as a matter of law for the initial stop and seizure on Avenue A. *See Walker*, 2006 WL 525921, at *4 (finding that when a Section 1983 plaintiff is convicted on the underlying charge for which he was arrested, probable cause *at the time of arrest* for that charge is established) (emphasis added).

Accordingly, Defendants' Motion to Dismiss Plaintiff's first and second causes of action based on Plaintiff's conviction establishing probable cause for his arrest as a matter of law is DENIED.

### III. Whether Plaintiff's Claims for Unreasonable Seizure, False Arrest, and Unlawful Detention are Collaterally Estopped by Plaintiff's Judgment of Conviction

Defendants argue that Plaintiff's guilty plea to reckless endangerment and resisting arrest "establishes as a matter of law that (1) in driving his car from the scene of the original car stop, plaintiff recklessly engaged in conduct which posed a substantial risk of serious injury to Officer Bermudez; and (2) plaintiff intentionally attempted to prevent police from effecting an authorized arrest." ECF No. 11 at 8. Defendants further assert that collateral estoppel bars Plaintiff's claims for false arrest, unreasonable seizure, and unlawful detention because they "impermissibly

attempt[ ] to relitigate the facts underlying his guilty plea and conviction." ECF No. 1 at ¶¶ 57-61. Of Plaintiff's remaining claims, this assertion applies to his first and second causes of action.

"The preclusive effect of a state court determination in a subsequent federal action is determined by the rules of the state where the prior action occurred." *Getlin v. Zoll*, 707 F. Supp. 2d 369, 376 (E.D.N.Y. 2010) (quoting *Wight v. BankAmerica Corp.*, 219 F.3d 79, 87–88 (2d Cir. 2000)) (citation omitted).

> Under New York law, collateral estoppel prevents a party from relitigating an issue decided against that party in a prior adjudication. It may be invoked to preclude a party from raising an issue (1) identical to an issue already decided (2) in a previous proceeding in which that party had a full and fair opportunity to litigate. Additionally, the issue that was raised previously must be decisive of the present action.

*Id.* (quoting *Curry v. City of Syracuse*, 316 F.3d 324 (2d Cir. 2003)) (alterations in original). "An issue is decisive in the present action if it would prove or disprove, without more, an essential element of any of the claims set forth in the complaint." *Id.* "The Second Circuit has made clear that whether . . . a claim is precluded depends on the issues that were actually litigated and necessarily decided in the prior proceedings, and may not be determined *a priori*." *Kuar v. Mawn*, No. 08-CV-4401 (JFB)(ETB), 2011 WL 838911, at *8 (E.D.N.Y. Mar. 4, 2011) (citing *Sullivan v. Gagnier*, 225 F.3d 161, 166 (2d Cir. 2000)) (internal quotation marks omitted).

With respect to Plaintiff's claims in this case, the Court finds that the conduct to which Plaintiff pleaded guilty is not "decisive of the present action." Furthermore, the Court finds that the issues of whether: (1) Defendant Sippel had probable cause to initially stop Plaintiff on Avenue A; and (2) the seizure of Plaintiff on Avenue A was reasonable were not actually litigated.

Here, Plaintiff pleaded guilty to (1) reckless endangerment in the second degree; and (2) resisting arrest—both Class A misdemeanors under New York law. ECF No. 1 at 8. A person is

guilty of reckless endangerment under New York Penal Law § 120.20 when he "recklessly engages in conduct which creates a substantial risk of serious physical injury to another person." *In re Stanley F.*, 908 N.Y.S. at 129. A person is guilty of resisting arrest under New York Penal Law § 205.30 when he "intentionally prevents or attempts to prevent a police officer from effectuating an authorized arrest of himself or herself or another person." *Andrews*, 64 N.Y.S. 3d at 284. In accepting Plaintiff's guilty plea to the charges of reckless endangerment in the second degree and resisting arrest, "the state court necessarily found that plaintiff's plea allocation proved the . . . elements" of these offenses. *See Kuar*, 2011 WL 838911, at *7. However, a finding that Plaintiff admitted each of those elements is not decisive of whether Plaintiff was subjected to an unreasonable stop and seizure on Avenue A; a stop and seizure that occurred *before* the conduct at issue in Plaintiff's convictions. Put simply, these findings are not "mutually exclusive." *Id*. at *9.

Although Plaintiff's plea allocation is not currently before the Court, there is no indication in the record that the constitutional validity of the Defendant Officers' conduct on Avenue A was "actually litigated" or "necessarily decided" during Plaintiff's guilty plea in state court.[4] *See id.* at *8. Therefore, Plaintiff's guilty plea to the charges of reckless endangerment and resisting arrest do not preclude a jury from finding that Plaintiff was subjected to an unreasonable stop and seizure on Avenue A. For all of these reasons, Defendants' Motion to Dismiss Plaintiff's first and second causes of action based on collateral estoppel is DENIED.

---

[4] In fact, the Second Circuit stated that "[t]he doctrine of collateral estoppel requires a detailed examination of the record in the prior state criminal case" and that "lacking any transcript of the state court proceedings, it is difficult to perceive how such an inquiry could take place . . . ." *Sullivan*, 225 F.3d at 166. As noted, Plaintiff's plea allocation, and thus the full breadth of the underlying facts to which Plaintiff has admitted, has not been made available to the Court.

## IV. Whether Plaintiff Timely Served the Defendant Officers

Defendants argue that "[t]he complaint should be dismissed because plaintiff failed to timely serve any defendants without good cause." ECF No 11 at 6. Plaintiff contends that service was timely because, due to Plaintiff's request to proceed *in forma pauperis* ("IFP"), his Complaint was not deemed "filed" until the Court "authorized the filing of the Complaint." ECF No. 14 at 6. Defendants maintain that "the complaint is filed at the time of initial filing, not at the later date of authorization of the IFP application." ECF No. 15 at 2.

Under Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* "Generally, where a litigant applies for *in forma pauperis* status, which confers the automatic right to service of process by U.S. Marshals, the . . . time limit for service of process pursuant to Fed. R. Civ. Proc. 4(m) is tolled during the pendency of that motion." *Bastedo v. North Rose-Wolcott Cent. Sch. Dist.*, No. 10–CV–6162L, 2011 WL 2110812, at *1 (W.D.N.Y. May 26, 2011); *see also Perkins v. Napoli*, No. 08–CV–6248 CJS (JWF), 2012 WL 5464607, at *3 (W.D.N.Y. Nov. 8, 2012) ("Plaintiff's action was not properly filed until this Court granted his IFP application.").

Here, Plaintiff filed his Complaint and a Motion for Leave to Proceed *In Forma Pauperis* on April 6, 2016. ECF Nos. 1, 2. Plaintiff filed an Amended Complaint April 11, 2016. ECF No. 3. The Court granted Plaintiff's IFP Motion by Order dated February 27, 2017, which was filed on the electronic docket on March 1, 2017. ECF No. 4. Thereafter, Defendant Goodfriend was served on March 23, 2017, Defendants Algarin and Doran were served on March 24, 2017, Defendant

Sippel was served on March 27, 2017, Defendants Bermudez, Bostick, Hasper, Marsh, and Webster were served on March 29, 2017, Defendants Rodriguez and McAvoy were served on April 1, 2017, and Defendant Lisle was served on April 2, 2017. *See* ECF Nos. 6-7.

Defendants cite a recent District of Connecticut case, *Darowski v. Wojewoda*, No. 3:15-cv-00803 (MPS), 2016 WL 4179840 (D. Conn. Aug. 7, 2016), to argue that the time for service was not tolled while Plaintiff's IFP Motion was pending because Plaintiff was represented by counsel. If Defendants are correct, then Plaintiff untimely served Defendants. However, Defendants' assertion ignores Second Circuit precedent that tolling is appropriate even where a plaintiff is represented. *See Romand v. Zimmerman*, 881 F. Supp. 806, 809 (N.D.N.Y. 1995) (holding with respect to a represented plaintiff that "[a] complaint is not properly filed until after a decision on whether to proceed in forma pauperis has been made").

Defendants contend that "the *Darowski* court understood the time for service to run from the time of initial filing of the complaint and IFP application, not from the time of the grant of the IFP application," however, the court did not decide whether the time to serve is tolled while a represented plaintiff waits for a decision on his IFP motion. *See Darowski*, 2016 WL 4179840, at *5 ("Here, given the uncertainty over whether the Court should consider that [plaintiff] was represented by counsel, the Court declines to grant a good cause extension on this ground."). Instead, the *Darowski* court based its decision on its authority to grant a discretionary extension of the time to complete service. *See id.* at *5. Therefore, Defendants' reliance on *Darowski* for the notion that the time to serve is tolled for *pro se* IFP litigants only is misplaced. The *Darowski* court expressly declined to reach that issue and granted the plaintiff an extension on other grounds. *Id.*

Finally, courts must order "that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court" where "the plaintiff is authorized to

17

proceed in forma pauperis." Fed. R. Civ. P. 4(c)(3). The purpose of this rule "is to recognize the economic status of the plaintiff and spare the expense of a private process server." *Schweitzer* ex rel. *Schweitzer v. Crofton*, No. 08-CV-135 (DRH)(ETB), 2010 WL 3516161, at *9 (E.D.N.Y. Sept. 1, 2010) (citing Fed. R. Civ. P. 4(c)(3), Practice Commentary C4-14). Thus, to require a represented plaintiff who may be eligible for IFP status to pay for service of process while awaiting the court's decision on his IFP motion would prevent him from reaping the very benefit Rule 4(c)(3) was constructed to provide. For all the reasons stated above, Defendants' Motion to Dismiss Plaintiff's Amended Complaint based on failure to timely serve process under Rule 4(m) is DENIED.

**V.     Whether Plaintiff has Adequately Alleged an Excessive Force Claim**

Plaintiff's sixth cause of action is an excessive force claim against all Defendants. Plaintiff alleges that Defendants subjected him to excessive force in violation of the Fourth Amendment "when they broke the handle and window of his mother's rental car, dragged him from the car, punched, kicked and tased him on January 29, 2015." ECF No. 3 at 12.

Defendants argue that "plaintiff's allegations in the complaint directly contradict his guilty plea to the crimes of Reckless Endangerment in the Second Degree and Resisting Arrest" and that "[t]his renders implausible plaintiff's depiction of his own conduct and the reasonableness of the force used against him." ECF No. 11 at 12. Defendants further assert that "to plausibly make out a claim for excessive force, plaintiff's complaint must be candid about his resistance to arrest, setting forth sufficient facts to plausibly demonstrate that officers met that plaintiff's resistance with not just force, but *excessive force*." *Id.*

"The Fourth Amendment prohibits the use of unreasonable and therefore excessive force by a police officer in the course of effecting an arrest." *Tracy v. Freshwater*, 623 F. 3d 90, 96 (2d

18

Cir. 2010). "In sum, the 'standard' to be applied in determining whether 'the amount of force' used exceeded the amount that was 'necessary' in the particular circumstances is 'reasonableness at the moment.'" *Rogoz v. City of Hartford*, 796 F.3d 236, 247 (2d Cir. 2015) (citing *Graham v. Connor*, 490 U.S. 386, 396-97 (1989)). This analysis "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Rogoz*, 796 F.3d at 246 (citations and alterations omitted).

As stated above, the state court necessarily found through acceptance of Plaintiff's guilty plea that Plaintiff's plea allocution proved the elements of reckless endangerment in the second degree and resisting arrest. However, the full extent of the conduct to which Plaintiff plead guilty is unclear based on the record currently before the Court. *See infra* n.3.

Here, Plaintiff has alleged that, during the encounter on Remington Street, Defendants broke the handle off the rental car door; smashed the glass of the driver's side window and pulled Plaintiff out of the car; punched Plaintiff's face, head, ears and back; and tased Plaintiff's lower body and legs several times. ECF No. 3 at ¶¶ 57-64. "[B]ecause resistance to arrest does not give the officer license to use force without limit in response, there is no inherent conflict between a conviction for resisting arrest and a finding that the police officers used excessive force in effectuating that arrest." *Tracy*, 623 F.3d at 99 (citations, internal quotations, and alterations omitted). The same reasoning applies to reckless endangerment—a police officer's lawful arrest for that offense may still be accompanied by excessive force. Therefore, at this stage, and based on the record currently available, the Court cannot conclude whether Plaintiff's guilty plea in state court bars his excessive force claim—nor can it be said that Plaintiff's state court convictions

establish that Defendants' conduct was reasonable. *See id.* at 100 (finding that, without the full record from the plaintiff's criminal proceedings, there was "no basis in the record that is before us to conclude" that "the reasonableness of [the] use of force" was determined based on plaintiff's state court convictions). Accordingly, Defendants' Motion to Dismiss Plaintiff's sixth cause of action is DENIED.

## CONCLUSION

Defendants' Motion to Dismiss (ECF No. 9) is GRANTED IN PART and DENIED IN PART. Based on Plaintiff's consent, his third, fourth, and fifth causes of action are DISMISSED. For the reasons stated, Plaintiff's seventh cause of action is also DISMISSED.

The remaining claims in this case are Plaintiff's: (1) first cause of action against Defendant Sippel; (2) second cause of action against Defendants Sippel and Bermudez; and (3) sixth cause of action against all Defendants.

IT IS SO ORDERED.

Dated: February 26, 2018
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court